545 P.2d 95

**Bob WILKINSON, Individually and as father and next friend of Robert L. Wilkinson, a minor, Plaintiff-Appellant,**

**v.**

**Ralph M. RANDEL and James O. Randel, Co-Executors of the Estate of Oliver Holmes Randel, Deceased, Defendants-Appellees.**

**No. 2065.**

Court of Appeals of New Mexico.

Dec. 30, 1975.

John W. Fisk, Jerome D. Matkins, Matkins & Martin, Carlsbad, for plaintiff-appellant.

James L. Bruin, Sanders, Bruin & Baldock, Roswell, for defendants-appellees.

OPINION

SUTIN, Judge.

Plaintiff appeals from a summary judgment granted defendants in a unicycle-motor vehicle accident. The motion for summary judgment, and the judgment thereon, determined that Robert L. Wilkinson, aged 14 years, was contributorily negligent as a matter of law. We reverse.

The undisputed facts most favorable to plaintiff show that on February 28, 1972, Oliver Holmes Randel, 85 years of age, now deceased, was driving at 15 m.p.h. west on the right side of West Orchard Lane in Carlsbad. It was dusk.

Randel did not see Robert until the front portion of his car was against Robert. After striking Robert, Randel's car stopped within five feet of the point of the accident. Robert and his unicycle were seen on the pavement under the Randel car and at the center thereof.

The unicycle was a vehicle that had a single wheel and it was propelled by pedals. It was three feet in heighth from the ground to the seat. The top of the wheel was 18 inches from the ground. There were no lights nor red reflectors on the unicycle.

Robert lost his memory and remembered nothing about the accident. His memory faded from a point about five blocks from the place of the accident. At that point, Robert was riding his unicycle and carrying a plastic bag with his clothes in it.

From this evidence, we do not know and we cannot conjecture whether Robert was riding his unicycle, or walking along with it, or standing with it at the time and place of the accident. These are questions of fact for the jury to determine under proper instructions of the court.

Contributory negligence is an affirmative defense. To be awarded summary judgment, Randel must show not only that Robert was contributorily negligent but that such negligence, if any, was a proximate contributing factor to his injuries. *Fitzgerald v. Valdez*, 77 N.M. 769, 427 P. 2d 655 (1967). We hold that this has not been established.

The defendant claims (1) that *if* Robert was riding the unicycle, he violated the specific bicycle provisions of the Motor Vehicle Code: §§ 64–19–5, 64–19–6, 64–19–7, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). Therefore, Robert was negligent per se. This is a fact for the jury to determine.

Defendant claims (2) that *if* Robert was walking along the highway, he must, where practicable, walk only on the left shoulder facing traffic. Section 64–18–38, supra. Robert was on the right hand side of the street. Was he walking with traffic or against traffic or standing still? This is for the jury to determine.

Reversed.

It is so ordered.

HENDLEY and HERNANDEZ JJ., concur.